United States District Court
Southern District of Texas
**ENTERED**
November 15, 2019
David J. Bradley, Clerk

```
IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF TEXAS
           HOUSTON DIVISION
```

| | |
|---|---|
| DIANA ROSAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-19-1242 |
| § | |
| ANDREW SAUL,[1] § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[2] is Defendant's Motion to Dismiss (Doc. 6). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

On March 11, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits.[3] On March 30, 2015, Plaintiff filed an application for supplemental security income.[4] Both claims were denied at the initial level of review on

---

[1] Nancy Berryhill was the Acting Commissioner of the Social Security Administration ("SSA") at the time that Plaintiff filed this case but no longer holds that position. Andrew Saul is now Commissioner of the SSA and, as such, is automatically substituted as the defendant in this case. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 7, Ord. Dated Oct. 28, 2019.

[3] See Doc. 6-2, Ex. 1 to Def.'s Mot. to Dismiss, ALJ Decision p. 1.

[4] See id.

July 21, 2015.[5]  The claims were denied on reconsideration on November 3, 2015.[6]  Plaintiff filed a request for a hearing before an administrative law judge ("ALJ") on December 1, 2015.[7]  The hearing was held on January 18, 2018.[8]  The ALJ issued an unfavorable decision on March 27, 2018.[9]  Plaintiff requested review of the ALJ's decision.  The Appeals Council denied Plaintiff's request for review by notice dated January 20, 2019.[10]

Plaintiff filed an application to proceed in forma pauperis on March 27, 2019.[11]  Plaintiff's complaint was attached to her application.  Plaintiff's application was granted on March 29, 2019, and her complaint was filed by the court clerk the same day.[12]

Defendant argues that Plaintiff filed her lawsuit on March 29, 2019, making her lawsuit untimely.  Plaintiff argues that her complaint was actually filed on March 27, 2019, and is timely.

> A civil action requesting review of the SSA's final decision "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the

---

[5] See id.

[6] See id.

[7] See id.

[8] See id.

[9] See id. p. 11.

[10] See Doc. 6-2, Ex. 1 to Def.'s Mot. to Dismiss, Appeals Council Notice.

[11] See Doc. 1 in 4:19-mc-00948, Pl.'s App. to Proceed In Forma Pauperis.

[12] See Doc. 2 in 4:19-mc-00948, Ord. Dated Mar. 29, 2019.

>       Appeals Council is received by the individual . . .
>       except that this time may be extended by the Appeals
>       Council upon a showing of good cause. For the purposes
>       of this section, the date of receipt of notice of denial
>       of request for review of the presiding officer's decision
>       or notice of the decision by the Appeals Council shall be
>       presumed to be 5 days after the date of such notice,
>       unless there is a reasonable showing to the contrary."

20 C.F.R. 422.210(c).

The notice of the Appeals Council's denial of Plaintiff's request for review was dated January 20, 2019. Accordingly, Plaintiff is presumed to have received the notice on January 25, 2019. See id. Thus, Plaintiff had until March 26, 2019, sixty days later, to file her complaint. See id. Plaintiff filed her complaint on March 27, 2019. Accordingly, Plaintiff's lawsuit is untimely and should be **DISMISSED**. See Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir. 1991).

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such

objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th day of November, 2019.

Nancy K. Johnson
United States Magistrate Judge